

NIXON PEABODY LLP
ATTORNEYS AT LAW

NIXONPEABODY.COM
@NIXONPEABODYLLP

**Christopher G. Gegwich**
*Partner*
T 516-832-7606
cgegwich@nixonpeabody.com

50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
516-832-7500

October 17, 2018

**VIA ECF**

Honorable Sandra J. Feuerstein, U.S.D.J.
United States District Court for the
 Eastern District of New York
1014 Federal Plaza,
Central Islip, New York 11722

> RE:    **Renee Liberty v. North Shore University Hospital**
> **18-cv-01633 (SJF) (GRB)**

Dear Judge Feuerstein:

This firm represents defendant North Shore University Hospital ("NSUH") in connection with the above-referenced matter, as well as former defendant Northwell Heath, Inc. ("Northwell"). This letter is submitted jointly with plaintiff Renee Liberty to request that Your Honor approve the enclosed Settlement and Release Agreement (the "Agreement") between the parties. (Exhibit "A"). The Agreement represents a good faith effort between experienced counsel to negotiate a complex action under the Fair Labor Standards Act ("FLSA"). Accordingly, the parties respectfully request that Your Honor approve the Agreement as submitted and "so order" the enclosed Stipulation and Order of Dismissal With Prejudice. (Exhibit "B").

## I.    Plaintiff's Allegations and NSUH's Response

On or about March 15, 2018, Ms. Liberty filed the above-referenced action against Northwell Health, Inc. d/b/a North Shore University Hospital. After being notified that Northwell was not Ms. Liberty's employer and that it was not "doing business as" NSUH, Ms. Liberty thereafter filed an Amended Complaint on June 6, 2018 dropping Northwell as a defendant in this action. Northwell, however, was never formally dismissed in this action and remains a listed defendant on the docket. The FLSA claim in the Amended Complaint, however, is only brought against NSUH.

Ms. Liberty, who is a duly-licensed Registered Nurse, worked for NSUH as a Patient Safety Specialist during the relevant time period. Ms. Liberty claims that she was paid on an hourly basis for her work, while to the contrary, NSUH asserts that she received a bi-weekly salary for the work she performed as a Patient Safety Specialist and NSUH properly classified her as an exempt employee.

Honorable Sandra J. Feuerstein, U.S.D.J.
October 17, 2018
Page 2

During her employment with NSUH, in addition to her schedule as a Patient Safety Specialist, Ms. Liberty worked additional hours performing duties and responsibilities as a nursing supervisor. For those additional hours performing nursing supervisor duties, NSUH paid Ms. Liberty additional compensation, or premium pay, on an hourly basis.

Ms. Liberty claims that NSUH improperly classified her as an exempt employee by paying her on an hourly rather than a salary basis, and thus failed to pay her overtime premiums at the rate of time and one-half her regular rate of pay for hours worked in a week over forty, and instead paid her at what she claims was her regular rate of pay for that time. NSUH strenuously denies Ms. Liberty's contention that she is owed any overtime due to the fact that her position was properly classified as exempt under the FLSA's learned professional, highly compensated employee and administrative exemptions and an employer may pay an employee additional compensation, even on an hourly basis, for additional work performed by the employee. See 29 CFR § 541.604(a) ("[T]he exemption is not lost if an exempt employee who is guaranteed at least $455 each week paid on a salary basis also receives additional compensation based on hours worked for work beyond the normal workweek."); Rivera v. Anjost Corp., 2016 U.S. App. LEXIS 5962, at *2 (2d Cir. April 1, 2016) (holding "additional compensation for additional work does not impair exempt status"). Ms. Liberty, however, claims that her salary was not guaranteed.

In sum, there is a *bona fide* dispute between the parties regarding Ms. Liberty's exemption status under the FLSA and whether she is entitled to overtime. The settlement constitutes the parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.   Settlement Negotiations

On or about September 19, 2018, Ms. Liberty conveyed her initial settlement demand in this matter. Ms. Liberty claimed that she was not properly compensated for approximately 580 hours of overtime and is therefore entitled to $20,514.93 in unpaid overtime wages, an equal amount in liquidated damages, plus attorney's fees and expenses. However, in the interests of early resolution, and in recognition of NSUH's arguments concerning Ms. Liberty's exempt status, her ability to recover liquidated damages if NSUH can show that it relied in good faith on the applicable exemptions and regulations, and the corresponding difficulty in proving willfulness so as to extend the applicable statute of limitations from two years to three, Ms. Liberty conveyed a total demand of $30,000, inclusive of attorney's fees and expenses.

On or about September 24, 2018, NSUH subsequently conveyed a counter-offer of $10,000 in response to the demand. Ms. Liberty then lowered her demand to $20,000. NSUH subsequently counter-offered $15,000, which was accepted by Ms. Liberty.

Furthermore, since Northwell was never formally removed from the docket in this matter, the parties also agreed, as part of their settlement, that Ms. Liberty would release and dismiss, with prejudice, all wage and hour claims she may have as against Northwell and is further precluded from bringing any claims against Northwell for unpaid wages.

4825-6659-8776.1

Honorable Sandra J. Feuerstein, U.S.D.J.
October 17, 2018
Page 3

### III.    The Settlement is Fair and Reasonable

An FLSA settlement should receive judicial approval when it is "fair and reasonable." Alvarez v. Sterling Portfolio Investment, LP, 2017 U.S. Dist. LEXIS 206043, at *5 (E.D.N.Y. Dec. 13, 2017), adopted by 2018 U.S. Dist. LEXIS 41377 (E.D.N.Y. March 12, 2018); Zorrilla v. Carlson Restaurants Inc., 2017 U.S. Dist. LEXIS 180292, at *5-6 (S.D.N.Y. Oct. 26, 2017). "Courts generally recognize a 'strong presumption in favor of finding a settlement fair' in cases like this one brought under the FLSA, as they are 'not in as good a position as the parties to determine the reasonableness of an FLSA settlement.'" Zygouras v. BR. Const., & Ston, Inc., 2017 U.S. Dist. LEXIS 67575, at *4 (E.D.N.Y. May 3, 2017). Court approval of an FLSA settlement is also appropriate "when [the settlement is] reached as a result of contested litigation to resolve bona fide disputes." Ramos v. Nikodemo Operating Corp., 2017 U.S. Dist. LEXIS 216246, at *20 (E.D.N.Y. Aug. 7, 2017). When considering whether to approve an FLSA settlement, the Court considers "whether the agreement 'reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Li Ming Yan v. China Gourmet Food Inc., 2018 U.S. Dist. LEXIS 119064, at *4 (E.D.N.Y. July 17, 2018); Tillman v. Luray's Travel, 2015 U.S. Dist. LEXIS 157162, at *3 (E.D.N.Y. Nov. 19, 2015).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the *bona fide* dispute between the parties. The Agreement:  (1) fairly accounts for Ms. Liberty's possible recovery;  (2) enables the parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation;  and (3) is the product of arm's-length bargaining between experienced counsel which was completely devoid of any semblance of fraud or collusion. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

#### a.    *The Agreement Fairly Accounts for Ms. Liberty's Possible Recovery*

As a threshold matter, the Agreement properly and fairly accounts for Ms. Liberty's potential recovery. As noted in Point II, supra, Ms. Liberty alleges NSUH owes her $20,514.93 in unpaid overtime. However, even taking Ms. Liberty's calculation as true for purposes of this analysis, Ms. Liberty would only be awarded these wages if the trier of fact found that NSUH actually misclassified her position as exempt. Indeed, if NSUH successfully establishes that Ms. Liberty was exempt from overtime (which it is confident would be the case), Ms. Liberty would not be entitled to back wages whatsoever. Accordingly, it is clear that the Agreement fairly accounts for Ms. Liberty's possible recovery.

#### b.    *The Risk and Expenses Faced by the Parties*

Both parties in this matter faced substantial risks in proceeding forward in this litigation. As noted above, Ms. Liberty faced the very distinct possibility of not recovering on her FLSA cause of action. Conversely, while NSUH is confident that it would be able to defeat Ms. Liberty's claims, this would likely have only been possible after a protracted litigation at great

Honorable Sandra J. Feuerstein, U.S.D.J.
October 17, 2018
Page 4

expense. As such, the Agreement reflects a fair compromise which properly accounts for the risks faced by both parties.

   c.   *The Agreement is the Product of Arm's-Length Bargaining Devoid of Fraud or Collusion*

Moreover, it cannot be disputed that the Agreement was the product of legitimate bargaining between experienced counsel which was devoid of any semblance of fraud or collusion. The parties exchanged week-by-week calculations, negotiated the settlement and were ultimately able to reach a resolution which adequately struck a balance between the strengths and weaknesses of the parties' respective positions. There is simply no fraud or collusion in connection with the Agreement, and as such same should be approved by the Court.

   d.   *The Attorneys' Fees are Reasonable*

Finally, the attorneys' fees are limited to one-third of the settlement, which is "consistent with the trend in this Circuit." Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). In addition to attorneys' fees, Plaintiff's counsel also seeks reimbursement for their expenses, limited to the filing fee necessary to commence this action.

## IV.   **Conclusion**

For the foregoing reasons, it is respectfully requested that the Agreement be approved by the Court. The parties also respectfully request that the Court so-order the enclosed Stipulation and Order of Dismissal with Prejudice, dismissing Ms. Liberty's FLSA claims against Northwell and NSUH with prejudice.

Thank you for your consideration of this request. Should Your Honor have any questions or require additional information, we are available at the Court's convenience.

Respectfully submitted,

Christopher G. Gegwich

Enclosures

cc:   Alexander T. Coleman, Esq.
      (via ECF)

4825-6659-8776.1